# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:05CV310

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| ) | |
| $23,400.00 IN UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte* to clarify the issues to be determined at trial by a jury beginning November 8, 2006.

The Government has submitted a proposed list of issues, one of which is – Has the United States demonstrated that the dog-sniff of the seized cash was reliable and had an adequate scientific basis? However, after a review of relevant case law, it is the opinion of the undersigned that this particular issue is not subject to a determination of fact by the jury.

The jury is to determine whether the United States currency seized in this case is sufficiently connected to drug trafficking, be it in the form of

facilitating drug trafficking or the proceeds thereof. Inherent in this determination of fact lies the question of whether the jury finds the results of the dog's detection of controlled substances on the currency to be reliable. However, whether the dog's detection results are reliable is not a question of fact.

The Tenth Circuit has held, "a *Daubert* hearing is the wrong procedural tool to challenge the reliability of a drug detection dog." **United States v. Berrelleza, 90 F. App'x 361, 365 (10th Cir. 2004) (citing United States v. Outlaw, 134 F.Supp.2d 807, 810 (W.D. Tex. 2001), aff'd, 319 F.3d 701 (5th Cir. 2003)).** The *Outlaw* court held,

> [a] *Daubert* hearing is the wrong procedural vehicle through which to challenge the reliability of a canine alert. . . . The purpose of a *Daubert* hearing is to determine whether expert testimony meets the threshold of reliability so that the trier of fact may rely on such testimony to determine a fact issue. . . . [T]he purpose of allowing [a law enforcement agent] to testify that [a dog] alerted to the black suitcase is not to prove that the chemicals found were actually an illegal narcotic; rather, the testimony is intended to establish that [the agent] had an articulable basis for believing that the suitcase contained contraband items and that the owner was involved in illegal activity. It is not a fact issue as contemplated under *Daubert*.

*Id.* Put another way, the sole factual issue determined in a forfeiture proceeding is whether the currency was used in facilitating drug trafficking or was the proceeds thereof. The dog's detection of drugs is merely

evidence which can allow the factfinder to make such an inference. This inference may be strengthened by the introduction of scientific testimony as to the reliability of a dog's detecting abilities, but it remains only an inference. ***See United States v. $124,700 in U.S. Currency*, 458 F.3d 822, 826 n.1 (8th Cir. 2006) (noting "[t]he government in this case presented no expert testimony or other scientific evidence *that might warrant a stronger inference*.") (emphasis added)).**

In conclusion, a party may challenge or bolster a dog's reliability in detecting controlled substances with regards to the establishment of probable cause and a sufficient connection between the currency and the drug trafficking, but the Court will not treat the dog's detection of drugs on the currency as an issue of fact which the jury must decide. Accordingly, the only issues to be determined by the jury are:

> 1) Whether the jury unanimously finds that the United States has proven by a preponderance of the evidence that the currency seized was the proceeds of drug trafficking crime(s) and was subject to forfeiture.
>
> 2) Whether the jury unanimously finds that the United States has proven by a preponderance of the evidence that the currency seized was used to facilitate drug trafficking crime(s) and was subject to forfeiture.

If the jury answers "Yes" to either Issue 1 or Issue 2, or both, the jury must determine the following issue:

> 3) Whether the jury unanimously finds that the Claimant has proven by a preponderance of the evidence that he is an innocent owner of the currency seized.

**IT IS SO ORDERED.**

Signed: November 3, 2006

Lacy H. Thornburg
United States District Judge