# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CIVIL NO. 1:05CV310

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **$23,400.00 IN UNITED STATES** | ) | |
| **CURRENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Claimant Brian Tracy Frye's motion for litigation costs and reasonable attorney fees as well as the Government's motion to reconsider.

## I. FACTUAL BACKGROUND

The Government initiated this forfeiture action of $23,400.00 in United States currency on October 11, 2005. **Complaint for Forfeiture *In Rem*, filed October 11, 2005.** Claimant opposed the forfeiture, and the case was presented to a jury on January 16, 2007, who found that the

currency seized was neither proceeds of nor used to facilitate a drug trafficking crime and was not subject to forfeiture. **Jury Verdict, filed January 18, 2007.** Following the jury verdict, and before the Court entered judgment in the case, Claimant filed his motion for attorney fees and litigation costs. **Claimant's Motion for Attorney Fees and Litigation Costs, filed February 5, 2007.** The Government filed a motion for extension of time to respond to Claimant's motion for attorney fees and to continue the Court's consideration of such motion to allow the Government to evaluate its options regarding an appeal of the jury's verdict. **Government's Motion to Continue Consideration of Attorney Fees, filed February 13, 2007.** The Government then filed its notice of appeal. **Notice of Appeal, filed February 26, 2007.** This Court granted the Government's motion for an extension of time; however, the Court denied the motion to "continue" its consideration of Claimant's motion, despite the Government's appeal, and directed the Government to respond to Claimant's motion. **Order, filed March 7, 2007.** The Government has since filed a motion to reconsider the Court's decision to proceed on the issue of attorney fees and a response to Claimant's motion for attorney fees. **Government's Motion for Reconsideration, filed March 15, 2007;**

**Government's Response to Claimant's Motion for Attorney Fees, filed March 19, 2007.**

## II. ANALYSIS

### A. Motion for Reconsideration

The Government asks the Court to reconsider its decision to proceed with Claimant's motion for attorney fees and litigation costs on the grounds that the filing of its notice of appeal deprives this Court of jurisdiction over the present dispute, including Claimant's recent motion, until the appellate review is complete. **Government's Motion for Reconsideration, *supra*, at 1-2; Order, filed March 7, 2007, at 2.** As stated above, no judgment has yet been entered based on the jury's verdict.

In support of its motion for reconsideration, the Government cites a Supreme Court case which holds, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." ***Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).** However, reading the case in its entirety, the Supreme Court in *Griggs* applied the newly amended Rule 4 of

the Federal Rules of Appellate Procedure and held the new version of the

Rule allowed a district court to retain jurisdiction over a case to rule on

certain motions despite the pendency of an appeal filed by the losing party.

*Id.* **at 60-61.** As the Court in *Griggs* noted, Rule 4 states, "[i]f a party timely

files in the district court any of the following motions under the Federal

Rules of Civil Procedure, the time to file an appeal runs for all parties from

the entry of the order disposing of the last such remaining motion: . . . for

attorney's fees under Rule 54 if the district court extends the time to appeal

under Rule 58[.]" **Fed. R. App. P. 4(a)(4)(A)(iii).** Further, "[i]f a party files

a notice of appeal after the court announces or enters a judgment – but

before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice

becomes effective to appeal a judgment or order, in whole or in part, when

the order disposing of the last such remaining motion is entered." **Fed. R.**

**App. P. 4(a)(4)(B)(i).**

It is abundantly clear from the text of Rule 4 that this Court retains

jurisdiction to dispose of Claimant's motion for attorney fees and litigation

costs despite the Government's filing of a notice of appeal. *Id.* Not only

did the Government file its notice of appeal before this Court entered

judgment, which is required under Rule 4(a)(1)(A) for a notice of appeal to

be effective, but also before the Court disposed of Claimant's motion for attorney fees, which is expressly included in Rule 4(a)(4)(A)'s language allowing a district court to continue exercising its jurisdiction over a case despite the pendency of an appeal. This rule is also an exercise of common sense – it would be incredibly inefficient to allow the Government to appeal the jury's verdict in the present case and require the Court to re-visit this dispute potentially years from now on a smaller issue of an award of attorney fees when the motion can be easily disposed of at the present. Because the language of Rule 4 expressly allows this Court to retain jurisdiction over the present dispute to resolve the issue of awarding attorney fees and litigation costs, the Government's motion for reconsideration is denied and the Court will proceed to Claimant's presently filed motion.

**B. Motion for Attorney Fees and Litigation Costs**

Claimant moves for an award of reasonable attorney fees and litigation costs pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), which states in pertinent part, "in any civil proceeding to forfeit property under any provision of Federal law in which the claimant

substantially prevails, the United States shall be liable for – (A) reasonable attorney fees and other litigation costs reasonably incurred by the claimant[.]" **Claimant's Motion for Litigation Costs and Attorney Fees, filed February 5, 2007; 28 U.S.C. 2465(b)(1)(A).** Claimant has submitted a full description of the his attorneys' time and the amount of costs expended in pursuing this claim. **Attachment to Claimant's Motion for Litigation Costs and Attorney Fees, filed February 6, 2007.**

The Government argues that attorney fees should be calculated – and thereby limited – under the Equal Access to Justice Act ("EAJA"), codified at 28 U.S.C. § 2412, rather than under CAFRA. **Government's Answer to Motion for Attorney Fees, *supra*, at 5.** Specifically, the Government asserts, "Section 2465(b)(1) should be regarded merely as changing the eligibility requirements for a fee award [*i.e*., fees are awarded to a claimant who "substantially prevails" under CAFRA as opposed to the "prevailing party" under EAJA], and EAJA should be regarded as firm authority as to methodology of making awards." ***Id.***

Despite the Government's contention, this Court has no desire to pick apart existing legislation and create an entirely new standard for the determination of attorney fees in forfeiture cases.

> The Court [finds] that the EAJA cap should not apply. Until CAFRA was passed, claimants routinely proceeded under the EAJA to request an award of attorney fees. If Congress had intended to maintain the status quo with regard to fee awards, it had the option of specifying that hourly rates should be capped, or, alternatively, omitting the attorney fee language from the Act entirely. A comparison of the CAFRA and EAJA provisions suggests that Congress intended to liberalize the award of attorney fees, rather than restrict them. For instance, the EAJA states that courts can award attorney fees to a "prevailing party," 28 U.S.C. § 2412(b). CAFRA, by contrast, broadens the class that can receive fees in forfeiture actions to claimants who "substantially prevail." 28 U.S.C. § 2465(b). Accordingly, the Court finds that the attorney fees should not be subject to EAJA fee caps here.

*United States v. $60,201.00 U.S. Currency,* **291 F.Supp.2d 1126, 1130 (C.D. Cal. 2003);** *see also, United States v. U.S. Currency in the sum of $660,200.00***, 438 F.Supp.2d 67, 72 (E.D.N.Y. 2006) ("CAFRA clarified that in circumstances where claimants were eligible for attorneys' fees and costs, the EAJA cap no longer applied, yielding to the lodestar analysis instead.").** Furthermore, this forfeiture action against Claimant's property was brought pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981, which is procedurally guided by 18 U.S.C. § 983 and 19 U.S.C. §§ 1602-1621. **Complaint for Forfeiture** *In Rem***, filed October 11, 2005, at 1.** Title 18 U.S.C. § 983, while not expressly addressing the present circumstances, states that CAFRA applies if a court is to grant

attorney fees and costs to indigent representation. **18 U.S.C. §**
**983(b)(2)(B)(ii) ("The court shall enter a judgment in favor of the Legal**
**Services Corporation for reasonable attorney fees and costs**
**submitted pursuant to clause (i) and treat such judgment as payable**
**under section 2465 of title 28, United States Code, regardless of the**
**outcome of the case.").** Though this provision of the statute is
distinguishable from the present circumstances, it does reflect a legislative
intent to rely upon CAFRA in resolving questions of attorney fees in
forfeiture actions. This legislative intent, combined with the well articulated
analysis from *United States v. $60,201.00*, leads the undersigned to
believe that CAFRA was drafted and enacted to be used as a whole rather
than cast aside in pieces in an attempt to lighten the Government's
monetary burden. Because CAFRA clearly applies to the resolution
presently before the Court, the undersigned will base its decision on
CAFRA, not the EAJA as the Government suggests.

Attorney fees under CAFRA are determined using a "lodestar"
analysis, which requires the Court to calculate "the number of hours
reasonably expended on the litigation multiplied by a reasonable hourly
rate." ***Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see United***

***States v. $660,200.00, supra.*** In determining an award of attorney fees under the lodestar method, the Fourth Circuit has further explained,

> a district court's discretion must be guided strictly by the factors enumerated by the Fifth Circuit in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974). *See Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir.1986). The twelve *Johnson* factors are: (1) the time and labor required to litigate the suit; (2) the novelty and difficulty of the questions presented by the lawsuit; (3) the skill required properly to perform the legal service; (4) the preclusion of other employment opportunities for the attorney due to the attorney's acceptance of the case; (5) the customary fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount in controversy involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases.

***Trimper v. City of Norfolk, Va.*, 58 F.3d 68, 73 (4th Cir. 1995).**

Claimant has submitted a number of documents detailing the work performed by his attorneys on the present dispute as well as the actual costs associated with pursuing this litigation. ***See* Claimant's Attachment to Motion for Attorney Fees and Litigation Costs, *supra.*** However, as described by the Fourth Circuit in *Trimper*, one of the factors this Court must consider in determining a "reasonable" attorney fee is "the customary fee" associated with this particular type of case. Said another way, "[r]easonable hourly rates are determined by reference to the 'prevailing

[marketplace rates] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" ***United States v. $660,200.00*, 438 F.Supp.2d at 72 n.4 (quoting *Cruz v. Local Union No. 3*, 34 F.3d 1148, 1159 (2d Cir.1994) (citation omitted)).**

Before this Court proceeds with a determination of a reasonable attorney fees in the present dispute, the Claimant will be required to file additional evidence demonstrating the attorney fees claimed are similar to, if not reflective of, the fees typically associated with litigation of this type of claim in this general locality. Such evidence can be and traditionally is submitted in the form of affidavits from individuals who are competent to testify as to the general attorney fees associated with the pursuit of a forfeiture claim in this local region. Additional evidence presented by the Claimant on this factor, as well as any of the factors enumerated above in *Johnson,* will be considered by the Court in evaluating the present motion for attorney fees.

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that Claimant shall submit his additional evidence with regards to attorney fees on or before 15 days from entry of this Order.

**IT IS FURTHER ORDERED** that the Government shall have 15 days after service of Claimant's additional evidence to file response thereto.

Signed: April 9, 2007

Lacy H. Thornburg
United States District Judge